# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARVIN REYNOLDS | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-212 |
| | § | Judge Mazzant |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for disability insurance benefits and supplemental security income. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be affirmed.

## HISTORY OF THE CASE

On February 15, 2005, Plaintiff protectively filed his applications for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act alleging disability beginning July 9, 2001 (TR 11). These applications were initially denied on June 30, 2005, and again upon reconsideration on August 31, 2005 (TR 11). Plaintiff then timely requested and was granted a hearing before an Administrative Law Judge ("ALJ"), and after the hearing, the ALJ issued his decision denying Plaintiff benefits on April 27, 2007 (TR 17-18). Plaintiff then requested the Appeals Council review that decision, but the Appeals Council denied Plaintiff's request on September 7, 2007 (TR 4-6). On December 12, 2007, Plaintiff filed suit against the Commissioner in the United States District Court for the Eastern District of Texas under 42 U.S.C. § 405(g) (TR 570). United States District Judge Richard A.

Schell adopted the Report and Recommendation of United States Magistrate Judge Don. D. Bush and remanded Plaintiff's case to consider the opinion of Dr. Matthews (TR 563).

Upon reconsideration, the Appeals Council vacated the April 27, 2007 decision by the ALJ and remanded Plaintiff's case back to the ALJ for further proceedings in compliance with the District Court's decision (TR 573-75). On remand, a second administrative hearing was held by the ALJ on January 15, 2010, and again the ALJ denied Plaintiff benefits (TR 559, 561). Plaintiff filed written exceptions to the decision with the Appeals Council, but it declined to assume jurisdiction in the case, making the ALJ's second decision the final decision of the Commissioner leading to judicial review (TR 545).

## STATEMENT OF THE FACTS

Plaintiff was born on August 11, 1960, and was forty years of age at the alleged onset of disability making him a "younger individual" (TR 20, 21). Plaintiff completed school through the tenth grade and does not have a GED or any vocational training (TR 452). Plaintiff has previous work experience as a tow-truck operator, furniture-delivery person, and a welding assistant (TR 83, 457-60, 526). Plaintiff alleged disability due to chronic obstructive pulmonary disease ("COPD"), hypertension, gastroesophageal reflux disease ("GERD"), leg and knee pain, dyspnea, ulcers, chronic alcoholism, elevated liver function, alcoholic cardiomyopathy, history of drug use, adjustment disorder with anxiety, optic atrophy, anorexia, depression, dementia, carpal tunnel, and a Dupuytren's contracture in his right hand.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ issued one decision on April 27, 2007, and a second decision on April 30, 2010, following the remand from the District Court (TR 11, 558, 559). The 2010 decision adopted the hearing testimony and findings from the 2007 decision with the exception of the remanded issue

regarding the consideration of Dr. Matthews' opinions (TR 558, 559). In the 2007 decision, the ALJ made the prescribed five-step sequential evaluation (TR 13). The ALJ concluded in step one that Plaintiff had not engaged in substantial gainful activity at any time relevant to his claim (TR 13). In step two, the ALJ found that Plaintiff's COPD, hypertension, GERD, leg and knee pain, dyspnea, ulcers, chronic alcoholism, elevated liver function, alcoholic cardiomyopathy, history of drug use, and adjustment disorder with anxiety were severe impairments (TR 14). However, in step three the ALJ found Plaintiff's alcohol use was a material factor in these severe impairments, and thus Plaintiff was not considered disabled at this step (TR 14). At step four, the ALJ found that Plaintiff maintained the residual functional capacity to perform medium work activity, including his past job as a tow-truck driver (TR 15, 17). This finding led the ALJ to conclude that Plaintiff was not disabled at any time relevant to his claim and thus not entitled to disability benefits (TR 17). In the 2010 decision, the ALJ found that Dr. Matthews' medical opinions were not entitled to controlling weight and that Plaintiff's alleged right Dupuytren's contracture was not a severe impairment (TR 561). The ALJ reaffirmed his previous 2007 decision denying disability benefits (TR 561).

## **STANDARD OF REVIEW**

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment

for that of the Commissioner, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 484 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook*, 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 1520(a)(4).

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2012). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff raises the following issues in his appeal: (1) the ALJ applied the wrong severity standard when determining the severity of Plaintiff's disabilities, (2) the ALJ's finding at step two in the sequential evaluation process is not supported by substantial evidence and prejudiced Plaintiff's case, and (3) the ALJ improperly rejected Dr. Matthews' opinions regarding Plaintiff's alleged Dupuytren's contracture of his right hand.

With regards to the first issue, Plaintiff asserts that the case must be remanded because the ALJ failed to apply the correct severity standard set forth in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). During the second step of the five-step sequential evaluation process, the ALJ must consider the severity of an impairment or combination of impairments to determine if the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(ii) states an impairment is not severe "if you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." The Fifth Circuit gave its own construction to that severity standard set out in 20 C.F.R. § 404.1520(c) and stated in its opinion in *Stone* that "an impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone*, 752 F.2d at 1101. The Fifth Circuit held that it will assume an ALJ applied an incorrect standard and will remand the case for reconsideration unless the ALJ sets forth the correct standard by reference to its opinion in *Stone*, or by an express statement that the construction the court gave to the severity standard is used. *Id*. at 1106. While a failure to apply the standard set forth in *Stone* requires a remand of a case, the Fifth Circuit later clarified its opinion stating "a case will not be remanded simply because the ALJ did not use 'magic words'" set forth in the *Stone* opinion. *Hampton v. Bowen*,

785 F.2d 1308, 1311 (5th Cir. 1986). Instead, the court must look carefully at the opinion of the ALJ to determine if the ALJ used the correct severity standard. *Id.*

In *Scroggins v. Comm'r of Soc. Sec. Admin.*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2008), the court concluded a minor difference in wording and lack of citation to *Stone* was sufficient to remand the case. The ALJ stated in his decision that an impairment is not severe if it "would have no more than a minimal effect on the individual's ability to work," as opposed to the standard in *Stone* stating an impairment is not severe when it "would not be expected to interfere with the individual's ability to work." *Id*. The court addressed the slight difference between the standard set out in *Stone* and the standard used by the ALJ in *Scroggins*:

> [A]ccording to the standard applied by the ALJ, a severe impairment could have, at most, a minimal effect on a claimant's ability to work. This is not the standard set forth in *Stone*, which holds that a severe impairment "would *not* be expected to interfere with the individual's ability to work." *Stone*, 752 F.2d at 1101 (emphasis added). Unlike the standard applied by the ALJ, *Stone* provides no allowance for a minimal interference on a claimant's ability to work. While the difference between the two statements appears slight, it is clear that the ALJ's construction is not an express statement of the *Stone* standard. This difference . . . leads the Court to conclude that the ALJ applied an incorrect standard of severity at step 2.

*Scroggins*, 598 F. Supp.2d at 805-06.

While this Court has remanded cases for failing to apply the correct severity standard, it will not remand cases when the same result would have occurred if the appropriate standard were applied to the Plaintiff's impairments. *See Taylor v. Astrue,* 706 F.3d 600, 603 (5th Cir. 2012). "Procedural perfection is not required unless it affects the substantial rights of a party," and as such, the analysis must go an additional step to determine if there was substantial evidence to support an ALJ's finding that a particular impairment is not severe. *Taylor*, 706 F.3d at 603.

In this case, the ALJ does cite to *Stone* in his 2007 decision but does not state the appropriate standard, and *Stone* is not cited at all in his 2010 decision (TR 12, 558-61).

6

Nevertheless, Plaintiff's contention that this is a sufficient error for this Court to remand the case is incorrect. While it is unclear what standard the ALJ applied to determine Plaintiff's alleged impairment as not severe, this Court will not summarily remand the case, as requested by Plaintiff in his first issue, without first determining whether substantial evidence exists to support the ALJ's decision that Plaintiff's right Dupuytren's contracture was not severe if applied under the correct standard. *See Lawson v. Astrue*, No. 4:11-CV-00426, 2013 WL 449298, at *4-5 (E.D. Tex. Feb. 4, 2013).[1]

In response to Plaintiff's second issue, the Commissioner asserts that substantial evidence exists to support the ALJ's finding that Plaintiff's right Dupuytren's contracture was not severe. This Court agrees. Plaintiff states his medical record establishes that the ALJ incorrectly found his right Dupuytren's contracture as not severe. However, on January 26, 2005, an emergency room physician found no problems with the Plaintiff's hand and noted his extremities were non-tender and had full range of motion, and on August 30, 2005, another physician found no issues with the Plaintiff's extremities (TR 136, 247-54). Additionally, Plaintiff claims Dr. Matthews' opinions demonstrate his impairment was severe; however, the ALJ did not treat her opinion as controlling and gave it little weight.

Moreover, Plaintiff contends that his and his daughter's testimony demonstrates that the right Dupuytren's contracture was a severe impairment, but the Court finds that the ALJ acted appropriately when he dismissed this testimony and gave it no weight, because he did not believe the testimony to be credible. (TR 560). ALJs have the opportunity to view first-hand the testimony at a hearing, so the ALJ, rather than this Court, is in the best position to evaluate credibility of the testimony given by the Plaintiff and his daughter. *See Harrell v. Bowen*, 862

---

[1] The issue of whether substantial evidence exists to support the ALJ's decision is addressed in issue two of the opinion.

F.2d 471, 480 (5th Cir. 1988). Substantial evidence in the record supports the ALJ's conclusion that Plaintiff's right Dupuytren's contracture was not a severe impairment.

In his final issue, Plaintiff argues that the ALJ did not give the appropriate weight to Dr. Matthews' opinion regarding his alleged right Dupuytren's contracture. The Commissioner asserts that the ALJ correctly gave Dr. Matthews' opinion little weight, because the record did not support her opinion regarding Plaintiff's alleged right Dupuytren's contracture. While the opinions of a treating physician are entitled to great weight, her opinions are not conclusive and "when good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony." *Greenspan*, 38 F.3d at 237. The Fifth Circuit has recognized some "good cause" exceptions, such as "disregarding statements that are brief and conculsory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise not supported by the evidence." *Id*.

In this case, the Commissioner asserts the ALJ had good cause to award Dr. Matthews' opinion very little weight. This Court agrees. The form filled out by Dr. Matthews regarding Plaintiff's alleged right Dupuytren's contracture and the limitations related to the impairment provided no explanation for her assessment, and no clinical tests were given to support this assessment. (TR 320-21). Dr. Matthews only checked boxes that she believed applied to the Plaintiff's alleged impairment, and she provided no additional comments or testimony regarding the impairment. (TR 320-21). Moreover, the Plaintiff had seen two other physicians and neither noted any problems with his extremities (TR 136, 247-54). Plaintiff argues that evidence in the record supports the findings of Dr. Matthews by citing to the testimony of the Plaintiff and his daughter; however, as was previously found, substantial evidence existed to support the ALJ's decision to dismiss their testimony due to lack of credibility. Even if the ALJ considered the

Plaintiff's testimony to be credible, Plaintiff testified to the ALJ that he could carry a twenty-pound bag of dog food from the car to his house, which would directly conflict with the assessment given by Dr. Matthews (TR 721).  The determination by the ALJ that the opinion given by Dr. Matthews was brief, conclusory, and lacked sufficient supporting clinical test and evidence was reasonable.  As a result, substantial evidence exists in the record to support the ALJ's decision to not give controlling weight to Dr. Matthews' opinions regarding Plaintiff's alleged right Dupuytren's contracture.

## **CONCLUSION**

Pursuant to the foregoing, it is **ORDERED** that the decision of the Administrative Law Judge is **AFFIRMED**.

**IT IS SO ORDERED.**

**SIGNED this 13th day of June, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE